# United States District Court
# Northern District of Indiana

SCOTT R. BLEVINS,

       Plaintiff,

v.

NICHOLAS L. HADDEN,

       Defendant.

Civil Action No. 3:13-CV-8 JVB

## OPINION AND ORDER

Scott R. Blevins, a plaintiff proceeding pro se, filed a complaint alleging a violation of 42 U.S.C. § 1983. (DE 1.) He also moves for leave to proceed in forma pauperis. (DE 2.) Under the in forma pauperis statute, the Court must screen the complaint prior to service on the defendant, and must dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This Complaint is not a model of clarity, but it discloses at least that Blevins is suing Nicholas A. Hadden, an attorney in Vermont family court prosecuting a child-support case against Blevins.[1] Blevins claims Hadden has acted improperly in that case by, among other things, filing motions that interfered with his parental rights and interrupting him during court proceedings. Among other relief, he requests that this Court take disciplinary action against Hadden or have Hadden removed from his case.

This claim cannot be permitted to proceed, because Hadden enjoys absolute immunity for his actions in initiating and prosecuting the child support case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Furthermore, to the extent Blevins is attempting to challenge an order entered in the Vermont case pursuant to a motion filed by Hadden, he is precluded from doing so under the *Rooker-Feldman* doctrine. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). That doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and it applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* (quotation marks and citation omitted). If Blevins believes his rights were violated in the Vermont court proceeding, he may have a right to appeal in the courts of that state, but this Court lacks the authority to review or reverse its orders. *Id.* This Court also lacks the power to order that Hadden be removed as the prosecutor or to otherwise interfere with the state case. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001).

---

[1] On the same day Blevins filed this case, he filed a separate suit against the judge presiding over the child support case. *See Blevins v. Maley*, No. 3:13-CV-9-PS (N.D. Ind. filed Jan. 3, 2013).

For these reasons, the motion for leave to proceed in forma pauperis (DE 2) is **DENIED** and the Complaint (DE 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** on January 24, 2013.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE